RODGERS a. FLETCHER.

*Supreme Court, Third District; General Term, December,* 1860.

EVIDENCE.—OPINIONS OF WITNESSES.—OBJECTIONS.

The opinion of a witness as to the amount of damage caused by a trespass, is not competent evidence.

To a question calling merely for such an opinion, and not for the facts upon which it is based, a general objection is sufficient.

Appeal from the judgment of a County Court, affirming a justice's judgment.

One Rychen hired a part of the defendant's house. While he occupied it, the defendant cut a door into one of Rychen's rooms. He assigned his cause of action for the injury, to the plaintiff; and, being examined as a witness, was asked by the plaintiff, "How much damage did you sustain in this operation of the work?" The defendant objected in general terms, but was overruled. Judgment was rendered in favor of the plaintiff for $40. The defendant appealed to the County Court, and from thence to this court.

*J. Holmes,* for the appellant.—The court erred in allowing the witness Rychen to testify to the amount of damage. (Morehouse *a.* Mathews, 2 *Comst.,* 514; Norman *a.* Wells, 17 *Wend.,* 136; Lincoln *a.* S. & S. R. R. Co., 23 *Ib.,* 425; Paige *a.* Hazard, 5 *Hill,* 603.)

*Lottridge & Landon,* for the respondent.—I. The question was a legal and proper question. (Morehouse *a.* Mathews, 2 *Comst.,* 514.)

II. The objection must state the grounds of the objection, or it will be regarded as no objection at all. (Dunham *a.* Simmons, 3 *Hill,* 609; Whiteside *a.* Jackson, 1 *Wend.,* 418; Potter *a.* Deyo, 19 *Ib.,* 361.)

By THE COURT.*—GOULD, J.—The evidence, as to amount of damages, was called out by this question, "How much damage did you sustain in this operation of the work?" To this question the defendant interposed a general objection, specifying no ground therefor; and the witness answered, "the damage for the two acts was $50." There is no point of view in which this testimony was admissible. It is a mere opinion; and the question calls for a mere opinion in gross. No facts were asked for; none were given. (2 Comst., 514.)

The plaintiff claims that the objection was not specific, and therefore not good; citing 3 *Hill*, 609. But that was a case where an untenable ground was assigned for the objection; and the case decides only that, having assigned a ground the party must be held to that; and if it was an insufficient ground, he should not be at liberty to take up a new one on the argument. But in a later case (5 *Hill*, 603) precisely such a general objection was held good, in a case where it was manifest that the question must call for an opinion. It would seem a case just like the present, and fully sustains a reversal of the judgment in this case.

Judgment of County Court and justice reversed.

---

* Present, GOULD, HOGEBOOM, and PECKHAM, JJ.